Best Work Holdings (N.Y.) LLC v Jia Ivy Ma. (2025 NY Slip Op 05624)

Best Work Holdings (N.Y.) LLC v Jia Ivy Ma.

2025 NY Slip Op 05624

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 654826/22|Appeal No. 4953|Case No. 2024-01759|

[*1]Best Work Holdings (New York) LLC, Plaintiff-Respondent,
v
Jia Ivy Ma., Defendant-Appellant, Yun Tommy Li Defendant.

J. Zhang and Associates, P.C., Flushing (Jiyuan Zhang of counsel), for appellant.
Balance Law Firm, New York (B. Robert Liu of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 13, 2024, which granted plaintiff's motion under CPLR 3211(a)(1) and (7) to dismiss defendant Jia Ivy Ma's first through fourth counterclaims for overtime pay and unpaid wages under the Federal Labor Standards Act and New York Labor Law, and fifth and sixth counterclaims for violation of the wage notice and statement requirements under New York Labor Law § 195(1)(a) and (3), unanimously modified, on the law, to deny the motion as to the fifth and sixth counterclaims, and otherwise affirmed, without costs.
The documents submitted in conjunction with defendant's visa application and renewals constituted documentary evidence under CPLR 3211(a)(1) and warrant the dismissal of defendant's first four counterclaims for unpaid overtime pay under state and federal law. These documents, which were submitted with defendant's L-1A visa application and renewals, were properly authenticated by plaintiff's employee, contained sufficient indicia of defendant's role in preparing them, and qualified as documentary evidence under CPLR 3211(a)(1) (see e.g. Kolchins v Evolution Mkts., Inc., 128 AD3d 47, 58 [1st Dept 2015], affd 31 NY3d 100 [2018]).
The documents submitted with defendant's visa application support Supreme Court's conclusion that the administrative exemption to overtime pay applies to defendant in her role as general manager of plaintiff's U.S. asset management department. According to the documents submitted, defendant managed a team of several employees, carried out "major assignments in conducting the operations of the business," and performed "work that affects business operations to a substantial degree," including the management of the renovation of a building located in lower Manhattan (29 CFR 541.201[b]; 29 CFR 541.202[b]). These duties establish that the administrative exemption applies and utterly refute defendant's first four counterclaims for overtime pay under federal and state law (see Klein v Torrey Point Group, LLC, 979 F Supp 2d 417, 425 [SD NY 2013]).
We modify to deny the motion to dismiss defendant's fifth and sixth counterclaims for violation of the wage notice and statement requirements of New York Labor Law § 195(1)(a) and (3). Defendant sufficiently stated an injury in fact by adequately pleading plaintiff's alleged violation of the statutory obligation to provide certain information and expressly alleged that she was not given the information in English and Chinese as her primary language. The information required to be provided by one's employer— such as the specific rate of pay, the employer's official address, the amount of any deductions from gross wages, and other information solely within the employer's purview— generally cannot be obtained from another source, rendering the inability to obtain wage and employment information from one's employer a concrete harm. Therefore, defendant is an affected employee.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025